Note—The OA. opinion will be found in 3 Abs. 719.

---

### No. 119

## MILLER'S INS. ASSO. v. O. & M. PAPER CO.

### No. 19552. Supreme Court

On motion to certify. Dock. Jan. 9, 1926; 4 Abs. 56.

**54. AGENCY**—Can a local insurance agency act in a dual capacity, as agent of both the insured and insurer, under an agreement made prior to its becoming agent for the insurer, and without divulging this previous agency to the insurer?

It appears that The Ohio & Michigan Paper Company in 1920 had an "understanding" with The Trotter-Whelan Company that renewals on fire insurance would be kept up until cancelled. No other instructions were ever given by the Paper Co. relative to renewals.

In 1920 the Trotter-Whalen Co. did not represent the Millers' Mutual Fire Ins. Co. On September 29, 1921 the Toledo agent of the Millers' issued a policy to the Paper Co. On September 5, 1922 The Trotter Whalen Company who had in the interim, since September 29, 1921, taken over the business of the Toledo Agent issued a policy of Millers' in favor of the Paper Co., without any request so to do but on the same day the policy was cancelled, without notice to the Paper Co. The Paper Co. had no notice of the transaction occurring on September 5, 1922.

After a fire subsequent to the above transactions the Millers' denied any liability.

The Paper Company in the Supreme Court, contends the insurance company is obligated by the agreement to renew a policy written subsequent to the agreement by another agent of the insurance company and that the local agency could act in a dual capacity, as agent of both insured and insurer, under an agreement made prior to its becoming agent for the insurer, and without divulging this previous agency to the insurer.

Attorneys—Miller, Brady, Yager & Leidy, for Insurance Asso.; Tyler, McMahon, Smith and Wilson, for Paper Co.; all of Toledo.

---

### No. 120

## EARLY v. CO-OPERATIVE MILK ASSO. et

### No. 19553. Supreme Court

On motion to certify. Dock. Jan. 9, 1926; 4 Abs. 56.

**1206. UNFAIR COMPETITION**—Is it a violation of the Valentine Anti-Trust Law for an agricultural association to attempt to force all dealers to buy its products by selling said products for a period of time below actual cost, or is such conduct exempted under section 10186-26 of the General Code?

Earnest Early and the defendants in error, John McGraw and Katherine Druley, doing business under the name of Sanitary Milk Co., were in October, 1923, milk dealers in Middletown. The Co-operative Pure Milk Association is a co-operative agricultural association, organized under 10186-1 to 30 GC.

Prior to October, 1923, the defendants in error entered a contract by which the association furnished almost all of the milk to the Sanitary Milk Co. required by it in furnishing its daily supply to its patrons. The Sanitary Milk Co. was the only dealer said Co-operative Asso. furnished milk but it had approached other dealers in Middletown, including Early, and had sought to have them buy milk only from the Association, but they had declined to do so. Thereupon, without notice, the Sanitary Milk Co. reduced the price of milk below cost, and shortly thereafter, representatives of the Association made threats that unless Early joined with the Sanitary Milk Co. and bought milk from the association the price cutting would continue and if necessary the milk would be given away. Meetings of milk dealers were held and addressed by representatives of the association. At a final meeting it was agreed to materially raise the price of milk and all dealers other than the Sanitary Milk Co. signed contracts to buy their milk from the association. It was clearly shown that the Sanitary Milk Co. and the Association had attempted to force all dealers to buy from the latter.

Early lost heavily and was awarded inadequate damages by the Butler Common Pleas but the judgment was reversed by the Appeals on the ground that no illegal act was proven which would warrant a recovery in damages by Early.

Early, in the Supreme Court, contends:
1. That the Valentine Anti-Trust Law has been violated (GC. 6390-6402).
2. That the exemption in the Co-operative Marketing Act (GC. 10186-26) does not apply to these facts.
3. That the cutting of the price of milk below cost for the purpose of forcing and intimidating other milk dealers to purchase Co-operative milk were illegal and these acts do not fall within the provisions of those permitted by 10186-26 GC.
4. That the actual damages shown were greatly in excess of the amount found due by the trial court.
5. That the judgment of the trial court was in accordance with the law, and should have been affirmed by the Appeals.

Attorneys—Walton S. Bowers and Andrews, Andrews & Rogers, Hamilton, for Early; Edward J. Tracy, Cincinnati, W. C. Shepherd, Hamilton, and B. F. Harwitz, Middletown for Asso. et.